# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

STEPHEN RICHARDS,

       **Plaintiff,**

       **v.**                                         **Case No. 25-C-1474**

CENTRIC MANUFACTURING SOLUTIONS, INC.,

       **Defendant.**

## DECISION AND ORDER DENYING
## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Stephen Richards brought this action on September 24, 2025, against Defendant Centric Manufacturing Solutions, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Compl., Dkt. No. 1. Richards alleges Centric violated ERISA by discharging him from employment because of the cost of his medical treatment for cancer and the corresponding cost to insure him, as well as for purposes of interfering with his welfare benefits. *Id.* ¶ 1. In response, Centric asserted the affirmative defense that Richards' ERISA claims were barred by a release he had signed as a condition of receiving a severance package. Dkt. No. 14 at 4. Centric also filed a counterclaim in which it sought a declaration that Richards' ERISA claims were barred by the Severance and Release Agreement he had signed or, in the alternative, judgment for the amount of money Centric had paid Richards pursuant to the Agreement. The court has jurisdiction over Richards' ERISA claims under 28 U.S.C. § 1331 and over Centric's counterclaims under 28 U.S.C. § 1367. The case is before the court on Centric's motion for judgment on the pleadings based on its affirmative defense and its counterclaim for declaratory relief. For the reasons that follow, Centric's motion will be denied.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court must draw all reasonable inferences and view all facts in the light most favorable to the non-movant. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). The court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The court also considers documents incorporated by reference in the complaint; the answer to the complaint, including any admissions in the answer; and facts of which the court may take judicial notice. *Milwaukee Police Ass'n v. Flynn*, 213 F. Supp. 3d 1113, 1115 (E.D. Wis. 2016) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998)). Further, "[t]he pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits to those pleadings." *Id.* "This is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment . . . ." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also Sartin v. Chula Vista, Inc.*, No. 18-CV-1890, 2019 WL 2746210, at *5 (E.D. Wis. July 1, 2019) (explaining that if "a defendant need simply answer the complaint, append to the answer whatever documents it wants, and then move for judgment on the pleadings," the result would be "a sort of abbreviated summary judgment procedure"). More broadly, the Seventh Circuit has warned that "[d]istrict courts should not allow

motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)).

## ANALYSIS

Centric argues that Richards' complaint should be dismissed because it is barred by the Severance and Release Agreement he signed. In response, Richards contends that Centric is not entitled to a declaration that his ERISA claims are barred by the release because Centric breached the Severance and Release Agreement by failing to pay the amounts promised in a timely manner. Based upon Centric's breach, Richards seeks to rescind the Agreement.

Under the terms of the Agreement, Centric was to receive six weeks of base salary, payment of unused paid time off (PTO), and company-paid health insurance through August 31, 2025. Dkt. No. 14-1 § 2. In return, Richards was to "release the Company . . . from any and all claims known and unknown, arising out of or relating to Employee's employment or termination . . . ." *Id.* § 3. Centric's payment was to be made as a lump sum no earlier than the eighth (8th) day after the Agreement was signed and not revoked (the Agreement allowed seven days after signing for Richards to revoke). *Id.* §§ 2, 7. The Agreement was signed by Richards on July 31, 2025. *Id.* at 3. On or about August 15, 2025, Centric paid Richards $13,625.01, reflecting six weeks of base salary. Am. Answer ¶ 12, Dkt. No. 14. Centric also provided Richards and his wife with health insurance through August 2025. *Id.* ¶ 13. However, Centric did not pay Richards for his PTO at that time, which represented more than a third of the consideration due. Instead, on or about November 28, 2025, some three-and-a-half months later, and some two months after this action was commenced, Centric issued Plaintiff a payment for the maximum amount of PTO he could have accrued for the year 2025, less applicable taxes. *Id.* ¶ 18. Richards

refused to accept payment, however, and returned it to Centric.  Pl.'s Answer to Countercl. ¶ 19, Dkt. No. 16.

In Wisconsin, which the parties agree governs the case, "a release is a contract." *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing *Peiffer v. Allstate Ins. Co.*, 51 Wis. 2d 329, 336, 187 N.W.2d 182 (1971)).  The interpretation of a contract is generally a question of law, *Ehlinger v. Hauser*, 2010 WI 54, ¶ 47, 325 Wis. 2d 287, 785 N.W.2d 328, as is the question of whether a contract has been breached.  *Simonson v. Olejniczak*, No. 23-C-526, 2024 WL 3874524 (E.D. Wis. Aug. 20, 2024), *aff'd*, No. 25-1417, 2025 WL 2888060 (7th Cir. Oct. 10, 2025) (citing *Elliott v. Donahue*, 169 Wis. 2d 310, 316, 485 N.W.2d 403 (1992)).  A material breach by one party may excuse subsequent performance by the other if there is "so serious a breach of the contract by the other party as to destroy the essential objects of the contract." *Bank v. Haster*, No. 14-C-403, 2016 WL 750656, at *8 (E.D. Wis. Feb. 23, 2016) (quoting *Mgmt. Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 183, 557 N.W.2d 67 (1996)).  However, "[t]he issue of whether a party's breach is material presents a question of fact." *Designer Direct, Inc. v. DeForest Redevelopment Auth.*, 313 F.3d 1036, 1042 (7th Cir. 2002) (citing *Mgmt. Computer Servs., Inc.*, 206 Wis. 2d at 184); *see also Mgmt. Computer Servs., Inc.*, 206 Wis. 2d at 184 ("The issue of whether a party's breach excuses future performance of the contract by the non-breaching party presents a question of fact."); *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2009 WI App 71, ¶ 21, 317 Wis. 2d 772, 767 N.W.2d 614 ("Whether a breach is material is, except in clear cases, a question for the jury."), *aff'd*, 2010 WI 44, 324 Wis. 2d 703, 783 N.W.2d 294 .

Richards contends that Centric's failure to include PTO in its lump sum payment in a timely manner was a material breach entitling him to rescind the Agreement.  Ordinarily, time is not

4

regarded as of the essence "unless the contract so states or the circumstances indicate that such was the intent of the parties." *Huntoon v. Capozza*, 57 Wis. 2d 447, 452, 204 N.W.2d 649 (1973). Whether time is of the essence in a contract is a question of fact as well, although there are some circumstances, such as contracts involving perishable goods, where courts have been willing to presume based on subject matter that time is of the essence. *See VPP Grp., LLC v. Total Quality Logistics, LLC*, No. 13-CV-185-WMC, 2014 WL 1515510, at *6 (W.D. Wis. Apr. 18, 2014) (citing *Emps. Ins. of Wausau v. Jackson*, 190 Wis. 2d 597, 616, 527 N.W.2d 681 (1995) and collecting cases). In cases where time is of the essence, late performance may permit the innocent party to rescind the contract. *HSBC Mortg. Servs., Inc. v. Daya*, No. 16-CV-80-JPS, 2016 WL 7156551, at *13 (E.D. Wis. Dec. 7, 2016) (citing *DeSombre v. Bickel*, 18 Wis. 2d 390, 396, 118 N.W.2d 868 (1963)).

Recission of a contract is an equitable remedy for when a breach is so substantial as to destroy the essential object of a contract. *Appleton State Bank v. Lee*, 33 Wis. 2d 690, 692–93, 148 N.W.2d 1 (1967). However, "a breach which goes to only a part of the consideration, which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages does not warrant a rescission of the contract." *Id.* at 692 (quoting 17 AM. JUR. 2D *Contracts* § 504 (1964)); *see also Meas v. Young*, 138 Wis. 2d 89, 98, 405 N.W.2d 697 (Ct. App. 1987) (noting that "rescission based on breach of contract . . . is not available when the wrong may be compensated in money damages").

Centric argues that Richards is not entitled to rescind the Agreement in this case because the breach he alleges can be fully redressed by an award of damages. The court finds Centric's argument unpersuasive, at least at this stage of the proceedings. The Wisconsin Supreme Court has held that "[t]he existence of a remedy at law does not deprive equity of jurisdiction unless such

5

remedy is clear, adequate and complete." *Bergman v. Bernsdorf*, 271 Wis. 401, 407, 73 N.W.2d 595 (1955). On this record, it is not clear that Centric's alleged breach of the Agreement was "incidental and subordinate to the main purpose of the contract," *Lee*, 33 Wis. 2d at 692, or that the remedy at law that Centric contends is available would provide "clear, adequate and complete" relief, *Bergman*, 271 Wis. at 407. For this reason, Centric's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**.

Finally, the court notes that Richards filed a declaration in response to Centric's motion for judgment on the pleadings, and after Centric filed its reply, he filed a motion for leave to file an additional declaration. Dkt. No. 23. Because a motion for judgment on the pleadings is to be decided only on the pleadings and attached documents that are central to the claims, the court has not relied on either declaration. *See Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (noting that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"). Richards' motion to file an additional declaration (Dkt. No. 23) is therefore **DENIED** as well. The Clerk is directed to set this matter on the court's calendar for a Rule 16 scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of March, 2026.

William C. Griesbach
United States District Judge

6